875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian K. IVORY, Defendant-Appellant.
 Nos. 88-3861, 88-3884.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Brian Keith Ivory appeals his conviction for aiding and abetting three women--Linda Hall, Olivia Hubbert, and Darlene Moses--in making false statements when purchasing firearms. The alleged false statements involved the women's representations on ATF Forms 4473 that they were purchasing guns for themselves when they were actually buying them for Ivory. The only issue raised on this appeal is whether these forms constitute inadmissible hearsay.
 
 
 2
 Ivory induced Hall, Hubbert, and Moses to make "straw purchases" of firearms from two federally licensed firearms dealers, Mowrey's Shooting Supplies, Inc., and Ed's Gun Company. At the time of each individual transaction, the straw purchaser filled out Part A of an ATF Form 4473, which federal law requires the customer to complete when acquiring a firearm. The straw purchaser then signed her name on the form, representing that she was the "buyer" of the weapon. The ATF forms were admitted as evidence at trial over the defendant's objection.
 
 
 3
 The defendant-appellant contends that these forms constitute inadmissible hearsay. The government counters that the documents, though hearsay, were properly admissible under the business records exception to the rule against hearsay, or, in the alternative, as admissions by a party opponent. Because we find that the forms in question are not hearsay, we hold that the evidence was properly admitted and decline to examine whether they could meet one of the many hearsay exceptions.
 
 
 4
 The definition of "hearsay," as provided by the Federal Rules of Evidence, is as follows:
 
 
 5
 ... a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
 
 
 6
 Fed.R.Evid. 801(c) (emphasis added). In the government exhibits offered at trial, the relevant contents included the straw purchaser's name, address, physical characteristics, citizenship, and arrest or conviction record. By signing her name on the form, the straw purchaser was representing that she was the "buyer" of the firearm. The position of the government is that, in each individual purchase, this representation was a sham because Hall, Hubbert, and Moses were in reality purchasing guns for Ivory, the true "buyer" of the firearms. In other words, the government attempted to show that the three straw purchasers lied by signing their names on the ATF Forms 4473 as "buyers" of the weapons in question. In this case the evidence in question was not introduced "to prove the truth of the matter asserted," but rather to prove its untruth since Hall, Hubbert, and Moses were not the real buyers as they had asserted by signing the forms. The evidence, accordingly, does not technically fall within the definition of hearsay and was correctly admitted at trial.
 
 
 7
 Statements do not constitute hearsay if they are introduced for a purpose other than to show the truth of the statement itself. 4 Weinstein's Evidence p 801(c) (10th ed. 1988); 6 Wigmore, Evidence Sec. 1766 at 177-78 (3d ed. 1940). In United States v. Hathaway, 798 F.2d 902 (6th Cir.1986), this court held that the testimony of customers concerning statements made to them by the defendant's employees was not hearsay because the statements were not offered for their truth, but rather for the falsity of the matters asserted. Id. at 904-05. Extension of the hearsay rule to cover false statements would serve no purpose since the credibility of the declarant is not in issue. Id.
 
 
 8
 Cases involving the filing of false tax returns provide a helpful analogy. Evidence of false representations on a tax return do not constitute hearsay because they are not offered to prove the truth of the matter asserted. United States v. Austin, 774 F.2d 99, 101-02 (5th Cir.1985). Likewise, in Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1260 (11th Cir.1983), the court upheld the admission of an allegedly fraudulent financial statement, finding that its contents were not hearsay since the evidence was not introduced to prove the truth of the matters stated in the document. The government exhibits admitted in the present case fall under the same rule. The forms were introduced, not to show the truth of the straw purchasers' representations, but rather the falsity thereof. We find it unnecessary to consider whether, if the documents were treated as hearsay, an exception to the rule would apply in this case.
 
 
 9
 We accordingly AFFIRM the conviction.